# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JAN WOJTASZEK,

    Plaintiff,

v.

TRAMVIEW INVESTORS,

    Defendant.

Case No.: 18cv542-MMA (JMA)

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**

[Doc. No. 3]

**DISMISSING COMPLAINT WITH PREJUDICE**

[Doc. No. 1]

On March 15, 2018, Plaintiff Jan Wojtaszek, proceeding *pro se*, commenced the instant action against Defendant Tramview Investors ("Defendant").[1] *See* Complaint. Along with the Complaint, Plaintiff filed motions to appoint counsel and to proceed *in forma pauperis* ("IFP"). *See* Doc. Nos. 2, 3. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed IFP and **DISMISSES** Plaintiff's Complaint **with**

---

[1] Plaintiff previously filed a similar action against the same Defendant in January 2012. *See* 12-CV-227-MMA-JMA (Doc. No. 1). This Court dismissed the complaint with prejudice because Plaintiff's allegations did not state a claim for relief, or provide any basis for the Court's subject matter jurisdiction. *Id.* (Doc. No. 16). Plaintiff appealed (No. 12-55874), and the Ninth Circuit dismissed Plaintiff's case on September 12, 2012. *Id.* (Doc. No. 24). Despite the fact that the Court dismissed Plaintiff's Complaint in 2012, Plaintiff continued to file various documents in the case through October 2017, at which point the Court issued a "Do Not File" Order indicating that no further filings would be accepted in the case. *Id.* (Doc. No. 35).

**prejudice**.

## MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Based on the information provided by Plaintiff, pursuant to 28 U.S.C. § 1915(a), the Court concludes that Plaintiff lacks the financial resources to pay the costs of commencing this action. As such, the Court **GRANTS** Plaintiff's IFP motion.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

The Court is obligated to review a complaint filed IFP *sua sponte* and must dismiss the action if it determines that the complaint is frivolous, malicious, or fails to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2). ."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id.* In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266,

268 (9th Cir. 1982).

    After careful review, the Court finds that Plaintiff's Complaint is frivolous and void of any plausible claims for relief. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (collecting dismissal of cases which did not provide a short and plain statement of the claim showing that the pleader is entitled to relief). The Complaint is largely incoherent and does not provide a statutory or legal basis for Plaintiff's claims. For example, it appears that Plaintiff claims to have been evicted from his home ten years ago for writing "the truth about" Defendant's "electrical energy usage." *See* Complaint at 2. Moreover, Plaintiff attaches to his Complaint legal documents from his related 2012 case, a news article, DMV records, a cartoon, and a photograph. *See* Complaint. Although the Court is sympathetic to Plaintiff's apparent unfortunate circumstances, the allegations set forth in the Complaint do not state a valid claim upon which relief can be granted. Furthermore, Plaintiff fails to provide any basis for the Court's subject matter jurisdiction over the action. Because "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court **DISMISSES** the complaint **with prejudice**.[2] *Franklin v. Murphy*, 245 F.2d 1221, 1228 n.9 (9th Cir. 1984). The Clerk of Court is instructed to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: March 30, 2018

                                      HON. MICHAEL M. ANELLO
                                      United States District Judge

---

   [2] As such, the Court **DENIES AS MOOT** Plaintiff's motion to appoint counsel. *See* Doc. No. 2.